# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD DEBIAS and
MARIE DEBIAS,
Plaintiffs Below, Petitioners**

**v.) No. 25-ICA-19**　　　　(Cir. Ct. Randolph Cnty. Case No. CC-42-2022-C-125)

**THOMAS A. HUNTER and
CATHY B. HUNTER,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Richard and Marie DeBias appeal the October 16, 2024, and December 13, 2024, orders of the Circuit Court of Randolph County. In the October 16, 2024, order, the circuit court, among other things, granted declaratory judgment and established that petitioners have a non-exclusive right of way for ingress and egress over respondents' property. Respondents filed a response in support of the circuit court's order.[1] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties own two separate tracts of property in the J & K Home Improvement, Inc., subdivision in Randolph County, West Virginia. This case concerns the Common-Use Easement for Ingress and Egress across the Respondents' property, known as Lot No. 2, and a neighboring property, known as Lot No. 3, to Petitioners' property, known as Lot No. 3A.

Respondents' property was originally owned by Bobby J. Hamrick and Donna G. Hamrick, who entered into a Right-of-Way or Easement Agreement with J & K Home

---

[1] The Petitioners are represented by David R. Karr, Jr., Esq. Respondents are represented by Brent A. Cameon, Esq.

Improvement, Inc. on August 28, 1999. The easement agreement, recorded at Deed Book 468, Page 279 in the Randolph County Clerk's Office, stated that the Hamricks conveyed:

> a non-exclusive right-of-way or easement through the real estate owned by the Grantors known as Lot No. 2 of the J & K Home Improvement, Inc. Subdivision . . . for the purpose of the Grantee to construct and maintain a roadway for access to and from Lots Nos. 3 and 3A of said subdivision. Said Easement shall be located as shown on a map or plat thereof attached hereto, as a part hereof as "Exhibit A."

The attached plat shows the Common-Use Easement for Ingress and Egress in question in this matter and is recorded at Deed Book 468, Page 281, in the Randolph County Clerk's Office.

> Pursuant to petitioners' deed dated September 29, 2000:

> The Grantor [J & K Home Improvement, Inc.] further conveys a non-exclusive right-of-way or easement through Lot No. 2 and Lot No. 3 of the J & K Home Improvement, Inc., Subdivision, for construction and maintenance of a roadway for access to and from Lot No. 3A of said subdivision.

> Pursuant to respondents' deed dated September 17, 2020:

> And further subject to a non-exclusive right of way or easement through Lot No. 2 for purpose of constructing and maintaining a roadway for access to and from Lots Nos. 3 and 3A by a right of way or easement of record in said Clerk's Office in 468 at page 279.

At some point in 2022, petitioners filed their complaint for declaratory judgment against respondents. In their complaint, they requested the circuit court declare the rights of the parties related to the Common-Use Easement for Ingress and Egress. Petitioners asked the court to ratify and approve the accuracy of certain documents made by their surveyor, Leon G. Mallow, including an April 22, 2022, Description of Survey, an April 18, 2015, Report of Survey, and an April 18, 2022, Plat of Survey, which were attached to the complaint as exhibits. The complaint asserted that respondents' interest in the easement in question was "a property interest in theory only" and argued that despite this theoretical interest, respondents were harassing and intimidating various contractors hired by petitioners. The complaint sought compensation or contribution from respondents for expenditures petitioners made in upkeeping the easement as well as an injunction preventing respondents from interfering with their right of ingress and egress.

On December 2, 2022, respondents filed their pro se answer which asserted that they have never denied petitioners ingress or egress to their property and this matter was about

2

petitioners attempting to widen the easement. Thereafter, on February 22, 2023, respondents, through counsel, filed an amended answer which asserted various counterclaims for trespass. Sometime after, petitioners filed an amended complaint which sought punitive damages. On August 6, 2023, Petitioners filed affirmative defenses and answers to counterclaims.

On October 16, 2024, the circuit court entered the order on appeal. In that order, the circuit court found that the easement and tracts in question were created and established as part of a subdivision in August 1999, reflected in the plat thereof. Such plat established the Common-Use Easement of Ingress and Egress between Lot No. 2 and Lot No. 3, commonly known as Amazing Grace Lane. The circuit court granted the declaratory judgment of petitioners and held that the Common-Use Easement of Ingress and Egress as outlined in the August 1999 plat and deed were established as the easement in this matter. The court further found that the easement was a non-exclusive easement as outlined in the deed of September 29, 2000. As a result, the circuit court ordered petitioners to cease any interference with the easement except for ingress and egress and gave them thirty days to remove any trash bins, stakes, planters and signs, etc. The circuit court also held that respondents failed to present any evidence of timber trespass and denied the petitioners' claim for punitive damages.[2]

Our review of a circuit court's entry of declaratory judgment is de novo. Syl. Pt. 3, *Cox v. Amick,* 195 W. Va. 608, 466 S.E.2d 459 (1995). However, as we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, *Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.)); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015). Moreover, as our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of
> which he complains. This Court will not reverse the judgment of a trial court

---

[2] On October 30, 2024, petitioners moved for a new trial, primarily on the basis that petitioners requested a continuance of a hearing for the purpose of obtaining more information about the credibility of the surveyor hired by respondents, which was denied by the circuit court by order entered December 13, 2024, following a hearing on December 10, 2024. Although petitioners included this December 13, 2024, order in their notice of appeal, their arguments on appeal address the October 16, 2024, order.

unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision).

Here, petitioners have failed to demonstrate any error in the circuit court's order as their argument(s) are indecipherable. For instance, petitioners assert that the circuit court erred by "refusing to grant them a declaratory judgment affirming the validity of the boundaries of the right-of-way easement to their home and lot." However, that is exactly what the circuit court did: grant their declaratory judgment claim and affirm the Common-Use Easement for Ingress and Egress as shown on the 1999 plat establishing the same. Petitioners do not explain, and it is not clear from the record, how the description of the Common-Use Easement for Ingress and Egress found in the 1999 plat is inaccurate or ambiguous. Further, while petitioners assert three assignments of error, their argument section does not follow their asserted assignments of error at all. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument . . . under headings that correspond with the assignments of error."). Rather, petitioners' brief is disjointed and confusing, with the argument section of their brief largely focusing on issues that are irrelevant to the basis for the circuit court's order on appeal.

Accordingly, based on the foregoing, the October 16, 2024, and December 13, 2024, orders of the Circuit Court of Randolph County are affirmed.

Affirmed.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**
Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White